Ella E. Seeley, appellant, v. Citizens Traction Company.

*Negligence—Release of damages.*

Where a woman, for a valuable consideration, executes to a railroad company a release of damages for personal injuries, after discussing its terms, and after having had an opportunity to consult her friends, and without fraud upon the part of the company, and where it appears that she is a woman of intelligence and fair education, she will be concluded by it, although her injuries turn out to be of a more serious character than she supposed them to be at the time she signed the release.

Argued Oct. 28, 1896. Appeal, No. 61, Oct. T., 1896, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. Term, 1895, No. 580, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McCLUNG, J.

At the trial it appeared that on October 27, 1892, the plaintiff, a young unmarried woman, was injured while a passenger on board of one of defendant's street cars. The defendant set up as a defense a release executed by the plaintiff on November 2, 1892, the consideration named therein being $25.00. Other facts appear by the opinion of the Supreme Court.

Defendant asked for binding instructions.

The court charged as follows:

[In this case I will affirm the point put to me by counsel for the defendant, and direct a verdict for the defendant.

It is due to you, perhaps, as well as to myself, to make some explanation; however, it is not at all necessary because that

concludes the case. It still leaves the case in such position that counsel for the plaintiff can, by motion for a new trial, or taking a writ of error to the Supreme Court, test the question as to whether the ruling is correct. The ruling is based upon this release. It is not denied that it was made. As I said, and as I remarked to counsel, it is a ruling which could not well be made by me if I were to yield to my own personal feelings in the matter. The case is certainly a very distressing one, and it is a case proper to go to the jury outside of this matter of release. But the release was obtained, and it would appear from anything that has been shown here that it was taken and received in good faith upon both sides. It would unsettle the law to an unlimited extent to permit papers of this sort to be set aside on such testimony as we have. As a matter of course, in cases of this sort, where you have a trained employee dealing with parties who are not trained, perhaps we would on slighter grounds than any other case, allow a jury to find against the binding force of the paper. Any evidence of trickery or fraud upon the part of the person representing the company would cause us probably, to allow the cause to go to the jury. But in this case it would appear as if both parties were under a misapprehension as to the nature of these injuries, and that this young lady signed this paper under the belief that it was a proper compromise, and that that belief was in the mind of the other party also. As I said before, it would not be allowable to unsettle the law to such an extent as to permit a paper under these circumstances to be set aside. There is evidence to go to the jury that this injury turned out to be much more serious, one that appeals to the feelings and heart of every person that has a heart, and it is especially emphasized in this case by the fact that the young lady upon the stand evidently regards her veracity of more importance than any verdict. She does not twist the facts of this settlement for the purpose of trying to save her case. She is evidently telling the truth and deserves very great credit for it.

On the other grounds, the negligence of the company, I would not be disposed to affirm this point. It seems to me it would be a matter to submit to the jury. It certainly cannot be that the lives and safety of the parties who ride in these cars depend on the question as to whether one of these heavy wagons which

are passing over the street every day in the year, and every hour in the day, passed ahead of the car.   That system is not certainly as dangerous as that defense would indicate; if so, it would appear that any one who took a seat in one of these cars took his life in his hands.   If the simple passing of one of those heavy wagons, which we all know are passing on that street every day, is sufficient to account for the accident which would stop a car in that way, then we have a very dangerous system of transit there.   If the weight of one of those wagons will crush one of those castings in that way, with the paving in proper shape, it is time the system was modified, whether accidents have been avoided heretofore or not.   Certainly, if a weight will break one of those castings and tear the nut off that rod or break it, then there ought to be some method of support, by the stones of the pavement or otherwise, in order that that danger shown by this accident to be so frightful in its consequences if an accident does occur, might be modified or lessened.

I have thought proper, although it was strictly unnecessary, to give to the jury these explanations in this particular case. If I can be convinced in any way that I am wrong in this ruling, I will be very glad to correct it.

I have now, as I said before, to simply affirm the point put by the counsel for the defense, and direct a verdict to be rendered in favor of the defendant.] [1]

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* among others was charge of the court, quoting it.

*James Fitzsimmons* and *A. H. Rowand*, with them *H. H. Rowand*, for appellant.—Even in cases of injury through the company's negligence there is no waiver of any right of action that the person injured may thereafter be entitled to.   The injured party therefore is not stipulating for the future, but settling for the past; he is not agreeing to exempt the company from liability for negligence, but accepting compensation for an injury already caused thereby : Ettinger v. Jones, 139 Pa. 218 ; McGrann v. Pittsburg & Lake Erie R. R., 111 Pa. 171 ; People's Nat. Gas Co. v. Milbury, 2 Monaghan, 145 ; Arthurs v. Bridgewater Gas Co., 171 Pa. 532.

A receipt is like any other parol admission by the party, open to contradiction, explanation or correction. It may be shown that it was given under a mistake, either of fact or law: Thompson v. Fausatt Peters, C. C. R. 172; Moore v. Com., 8 Pa. 260; Gross v. Leber, 47 Pa. 520; Hamsher v. Kline, 57 Pa. 397.

*Wm. D. Evans*, with him *Geo. C. Wilson*, for appellee.—Unless the defendant is to be held liable as an insurer of the lives and safety of its passengers, it is respectfully submitted, under the uncontradicted evidence in this case, there could be no recovery: Meier v. R. R., 64 Pa. 225; Kirby v. R. R., 76 Pa. 508; R. R. v. Anderson, 94 Pa. 358.

Under the law, even if the plaintiff had testified that the release was procured by fraud and misrepresentation on the part of defendant's agent, that evidence would have been insufficient as against the written instrument itself and the testimony of the subscribing witness: Jackson v. Payne, 114 Pa. 67; Gibson v. R. R., 164 Pa. 142; Dean v. Fuller, 40 Pa. 474; Graham v. Pancoast, 30 Pa. 89; R. R. Co. v. Shay, 82 Pa. 198; Phillips v. Meily, 106 Pa. 536; English's Appeal, 119 Pa. 533; Elsessor v. Elsessor, 146 Pa. 359.

OPINION BY MR. JUSTICE DEAN, January 4, 1897:

On 27th of October 1892, while plaintiff was a passenger in defendant's street car in Pittsburg, by an accident the car was suddenly stopped; she by the shock was thrown to the floor and injured. At first her injuries were apparently slight, but she alleges that afterwards they became of such an aggravated character as to cause great suffering and permanent disability; therefore, on February 4, 1895, she brought this suit against defendant for damages, averring her injuries to be the result of its negligence in the construction of or nonrepair of the railway track.

On the trial defendant put in evidence a formal release under seal executed by defendant by which, for the consideration of $25.00, she absolutely relinquished all further claim for damages. This release was signed on November 2, the sixth day after the accident. The plaintiff alleged that at that date she was wholly ignorant of the character and extent of her injuries,

and did not comprehend the nature of the writing.   The court below was of opinion the paper was a complete defense, and so instructed the jury who found for defendant.   From the judgment entered on the verdict plaintiff appeals, assigning for error the instruction of the court.

On the evidence it was not clear that negligence could properly be imputed to defendant; and it was far from clear plaintiff's injuries at time of trial could be properly attributable to the accident; but assuming the jury would have found in her favor on both questions, the written release effectually barred her road to a verdict.   There was no evidence that it was procured by any fraud or overreaching on part of defendant; she was a woman of intelligence, and at least of fair education; discussion of the terms and negotiations preceded its execution; she had ample opportunity to consult her friends as to the advisability of signing it. ·  Why then should she not be bound by it?   The substance of the whole argument of appellant is, that subsequent events have demonstrated she made a bad bargain.   This would set aside one half the most solemn written contracts entered into.   The evidence of plaintiff herself shows she comprehended fully the terms of the settlement, and that it was consummated because at the time she believed it was a favorable one to her.   Admit she did not foresee the future, and did not know the extent of the injuries she had received, that only proves that what was unknown to her could not have been known to the other party to the release, and therefore, no concealment of a material fact could be imputed to defendant.

No judge sitting as a chancellor, could for one moment hesitate as to his duty to declare that the evidence here was wholly insufficient to move him to cancel this instrument, or, to permit a jury to touch it.

All the assignments of error are overruled and the judgment is affirmed.