### W. S. QUEBE v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

#### No. 1319.  Decided May 26, 1904.

**1.—Release of Damages—Construction of Contract.**

A contract between a railway company and its employe released all claims and demands of such servant against his employer in consideration of one dollar and re-employment for one day certain and beyond that only at the will of the company,—reciting that the servant had been injured in the throat and breast by falling over a peg and that the rule of the company forbade his re-employment except on release of his damages; afterwards he sued for loss of sight resulting from a blow on the head received in the same fall. Held, that, in legal construction the release covered the injury sued for and plaintiff could not complain that its construction was submitted to the jury as a question of intent. (Pp. 11-15.)

**2.—Same.**

The rule restricting the effect of general words releasing claims to the particular subject matter recited or under consideration confines the release to the cause of action so contemplated, negligence causing the accident and injury, but will not limit a general release to particular damages recited or contemplated as resulting from such cause. (Pp. 13, 14.)

**3.—Release of Damages—Future Developments.**

A contract releasing all damages from a given cause of action covers results undeveloped and unknown at the time, as well as those known. (P. 14.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

Quebe sued the railway company and appealed from a judgment for the defendant. On affirmance he obtained writ of error.

*S. C. Padelford,* for plaintiff in error.—Where a written instrument has been read in evidence and testimony in regard to the same is uncontroverted, it is the duty of the court, in the light of the surrounding circumstances, to construe such written instrument in the charge to the jury, and not to submit the construction of said written instrument to

the jury; and the lower court erred in not construing the release read in evidence by the defendant, but in requiring the jury to determine from the terms of said release what the parties intended by said instrument, and what injuries the parties intended to cover by said release. Honeycutt v. State, 75 Texas, 233; Denham v. T. C. L. Co., 73 Texas, 83; Shepherd v. White, 11 Texas, 346; Ash v. Beck, 68 S. W. Rep., 53; Fowle v. Bigelow, 10 Mass., 379; Curtis v. Martz, 14 Mich., 506; Ford v. Dyer, 49 S. W. Rep., 1094; Bell v. Bruen, 1 How. (U. S.), 169; Todd v. Whitney, 27 Me., 480; Whiteford v. Munroe, 17 Md., 135; Chicago Cheese Co. v. Fogg, 53 Fed. Rep., 72; 2 Enc. of Pl. and Prac., sec. 4, pp. 78-84.

It is a well established rule for the construction of a release that the general language therein contained is limited and restrained by the specific recitals set forth in said release. The release in this case recites that it was executed for injuries to the throat and breast and recites no other injuries, and then follows the general language of the release. These specific recitals of the injuries limit and restrain the general language of the release to these recitals, to wit, to the damages resulting from the injuries to the eyes and eyesight resulting from a blow on the head. This suit was brought for damages resulting from the injuries to the eyesight and eyes alone, resulting from a blow on the head, and not for damages resulting from the injuries to the throat and breast. The lower court should have instructed the jury that the said release did not apply to and include the injuries sued for and not to consider the same for any purpose. And the court erred in not giving the first special instruction requested by the plaintiff and in instructing the jury that they might consider from the general language of the release whether the injuries to the eyes and eyesight were included in said release. Bassett v. Lawrence, 61 N. E. Rep., 1098, 193 Ill., 494; Todd v. Mitchell, 48 N. E. Rep., 35; Lumley v. Wabash Ry. Co., 76 Fed. Rep., 66, 6 Am. and Eng. Ry. Cases (New Series), 87; Union P. Ry. Co. v. Artist, 60 Fed. Rep., 365, 59 Am. and Eng. Ry. Cases, 385; Jackson v. Stackhouse, 1 Cowen (N. Y.), 122-126; 2 Parsons on Con., 633, note; Payler v. Homersham, 4 M. & S., 423-427; Lampon v. Corke, 5 Barn. & Ald., 606; Simons v. Johnson, 3 Barn. & Ald., 175; Blair v. Railway Co., 1 S. W. Rep., 350; Rich v. Lord, 18 Pickering, 322; Bliss v. New York Central Ry. Co., 160 Mass., 447; Baxter v. State, 9 Wis., 45, 46; Torrance v. McDougald, 12 Ga., 526.

It is the duty of the court to construe all written instruments admitted in evidence upon trial of a case. And though extrinsic circumstances or other testimony may have been adduced in order to explain the instrument for the purpose of making certain the subject matter to which its terms apply, and though the determination on the issue so presented may be left to the jury, yet the court should construe the writing and apply such construction to each phase of the case so developed by the testimony upon the special issues so raised. The only extrinsic testimony which was admitted in this case in regard to this

release was that neither party knew of any injuries to the eyes or eyesight of the plaintiff, and consequently that such injuries were not included in the release, and the court should, even though this extrinsic testimony was introduced, have construed this written release and told the jury that the specific recitals therein limited, restrained and controlled the general language of the release, and that the release only covered injuries therein specified and did not cover the injury to the eyes, and eyesight which alone was sued for in this case. Long v. McAuley, 3 S. W. Rep., 691. See also authorities under above.

The charge of the court which assumes the nonexistence of an issue raised and established by the uncontradicted evidence is a charge on the weight of the evidence and is erroneous. The uncontradicted evidence in this case shows that the physician and agent of the defendant represented to the plaintiff that the only injuries which resulted from the accident were those to the throat and breast, which were slight, and for him to go back to work, and that relying upon the representations of the physician and agent of the defendant and not knowing that the accident had affected his eyes and eyesight, he signed a release which recited and covered only as he supposed injuries to the breast and throat, and that if he had known that his eyes and eyesight were affected he would not have signed any release. This testimony rendered the release void. But the court in the above .clause of the charge and in the whole charge assumes the validity of said release, in the face of the proof and plea to the contrary, which was error. Houston & T. C. Ry. Co., v. Brown, 69 S. W. Rep., 651; Clark v. Clark, 51 S. W. Rep., 337, 21 Texas Civ. App., 377.

The evidence in this case showed that the instrument read in evidence was not supported by a sufficient consideration; and yet the court in the face of a plea of the failure of consideration, and in the face of the evidence that there was no consideration, assumed that it was based upon a valuable consideration and was a valid instrument, and the only question which was submitted to the jury as to this release was whether or not it covered the injuries to the eyes and eyesight sued for in this case. And the court erred in assuming as uncontroverted a fact which was disproved by the uncontroverted testimony of the plaintiff. Potter v. Detroit, G. H. & M. Ry. Co., 16 Am. and Eng. Ry. Cases, 265; Byers v. Nashville C. & S. L. Ry. Co., 29 S. W. Rep., 128; Gulf C. & S. F. Ry. Co. v. Winton, 26 S. W. Rep., 770, 1 Texas Civ. App., 57; 2 Pomeroy's Eq., sec. 927.

The uncontroverted evidence in this case showed that this release, if the same covered the injuries to the eyes and eyesight, was signed by mutual mistake both by the plaintiff and the defendant, or by fraud on the part of the defendant, yet the court, in the face of this evidence, under a proper plea by the plaintiff, assumed that the same instrument was not made by mistake and assumed its validity, which was a charge upon the weight of the testimony.

Plaintiff having plead non est factum to the release plead by the

defendant in its answer, and the defendant not having proved the exe-
cution of any release by the plaintiff, and not having proved any release
covering damages resulting from injuries to the eyes and eyesight, the
court in its charge erred in assuming that the defendant had proved
the execution of such a release, and the charge of the court is on the
weight of the evidence in assuming a fact not proved by the defendant
and which was not shown either by the pleadings or the evidence.   See
authorities under the above and foregoing.

The court erred in said clause of the charge in that it instructed the
jury to give to the general language of said release an unlimited mean-
ing, when the law is that the general language of the release was limited,
confined and restrained by the specific recitals therein to such specific
recitals.   And the court erred in not construing such release and in not '
instructing the jury as to the effect of the language contained in said
release.   See authorities under the above and foregoing.

The court 'erred in said clause of said charge because the same is on
the weight of the testimony and eliminates from the consideration of
the jury the uncontradicted testimony to the effect that the said instru-
ment was without consideration and was executed by fraud and mis-
take, and it eliminates the plea of non est factum and assumes that the
same was supported by sufficient consideration, was not made upon false
representations or mistake, and that the same was properly executed,
and it permits the jury to find contrary to the terms of the instrument,
that is, that it' concluded the damages caused by the injuries to the eyes
and eyesight, when the release only included injuries to the breast and
throat.

*Ramsey & Odell* and *J. W. Terry,* for defendant in error.—Whether,
under the general language of the release which discharged all possible
causes of action, it was the intention of the parties to release injuries
that might thereafter develop, was, in view of all the surrounding cir-
cumstances, a question of fact appropriate for the determination of the
jury.   Where the construction of a written instrument involves the
consideration of facts not shown on the face of the instrument, and
involves a question of intent, it is proper for the court to submit the
construction of such instrument to the jury.   Ferguson v. Ferguson,
27 Texas, 342; Rogers v. Kennard, 54 Texas, 35; Grimes v. Watkins,
59 Texas, 137.

Conceding, for the sake of argument, that the court should have con-
strued the release, yet, as the verdict of the jury placed the proper con-
struction thereon, the action of the court in submitting that question
to the jury was harmless.   Galveston H. & S. A. Ry. Co. v. Johnson,
74 Texas, 261; 13 S. W. Rep., 463.

The release on its face showed a valuable consideration of one dollar
and employment at least for a specific time, and certainly, in connec-
tion with the facts proven that appellant obtained thereby employment
for several months, it was sustained by sufficient consideration, and the

trial court did not err in so assuming in his charge, and under this proposition the Carroll case is directly in point. 5 Texas Ct. Rep., 700.

There is no evidence of fraud in the record, in support of which assertion we challenge the entire record. The mere fact that when the release was executed the parties did not know of an undeveloped claim of injury to the eyes did not amount to fraud. The appellant in his brief has designated no evidence of fraud. He admits in his brief that at the time of the execution of the release neither party knew of any alleged injury to plaintiff's eyes, and yet, having thus acquitted the parties of any pretense of fraud, continues to clamor about fraud. There being no evidence in the record tending to show fraud, and the execution of the release being admitted by the plaintiff, it was proper for the court to ignore any supposed issue of fraud. McCarty v. Houston & T. C. Ry. Co., 94 Texas, 298.

If there was any issue of mistake properly in the case it was distinctly embraced in the court's charge to the jury. The court charged the jury that if they found under the terms and language of the release, construed in the light of all the evidence and circumstances in the case, that it was contemplated or intended by the parties, at the time of the execution of the release, to release the defendant company from all injuries and damages that might result to the plaintiff from the accident and injury, including injury to his eyesight, then, in such case, to find for the defendant without further inquiry; but that if, on the other hand, the jury believed from the evidence, by the terms of such release, construed in the light of all the evidence in the case, that it was not contemplated by plaintiff or defendant, nor intended by them at the time of the execution of the release, to release the defendant from the injuries to his eyes, such as are claimed in this case, then that the release would not preclude the plaintiff from recovery on account of such injuries. This charge of the court presented the idea of mistake as pointedly and as emphatically to the jury as it was possible to do. In short, to make the release operative, the court required the jury to find that it was the purpose and intention of the parties in executing the same, to release the claim of damages to plaintiff's eyes. Surely, if the parties intended to release such claim for damages, then there was no mistake. If they did not so intend, then the court charged the jury that the release would be inoperative.

Although appellee may have executed the release under the mistaken idea that there were no injuries to his eyes, and such injuries thereafter developed, he would not be entitled to recover for such subsequently developed injuries. This has been expressly decided by the Supreme Court. Houston & T. C. Ry. Co. v. McCarty, 94 Texas, 298.

WILLIAMS, Associate Justice.—A judgment of the District Court in favor of the defendant in error, in an action brought against. it by plaintiff in error for damages for personal injuries, was affirmed

by the Court of Civil Appeals, and the case is before us on writ of error from the judgment of affirmance.

Quebe, while in the employment of the railroad company and attempting to stop with a heavy piece of timber an engine tank moving along an inclined track, stumbled over an iron peg driven into a pathway along which he was running and was struck upon the breast and throat by the end of the timber and fell, his head striking the ground with force. He stopped work for a few days, but believing that he had received no injuries except those to his throat and breast, and that they were trifling, and being so told by the surgeon of the company, he reported for re-employment. The company had a rule forbidding the re-employment of any servant who had an unsettled claim for damages against it, and its agents informed Quebe that he could not be employed unless he executed a release. Thereupon the following instrument was executed:

· "Contract of Settlement.—Know all men by these presents: That whereas, on the 3d day of May, 1901, I, the undersigned, was in the employ of the Gulf, Colorado & Santa Fe Railway Company, as carpenter, on * * * and while so employed received injuries as follows: Throat and breast injured by falling on a peg. And whereas, said company will not employ or retain in its employment anyone who has an unadjusted claim for damages against it, and will not promise employment to or consider anyone as an applicant for employment who has an unadjusted claim against it:

"Now, therefore, for the purpose of fully ending and determining any claim for damages that I may have against said company, and for and in consideration of the sum of one dollar to me in hand paid by the said company, the receipt whereof is hereby acknowledged, it being agreed that the execution hereof will be conclusive evidence of the receipt of the same by me, and that I will never claim that the same was not paid to me by said company, and in consideration of the promise of said company to employ me for one day as carpenter at the usual rate of pay, the execution hereof being conclusive evidence that said company has made me such promise, and for such further time and in such capacity as may be satisfactory to the said company, and not longer or otherwise, I do hereby remise, release and forever discharge said company of and from any and all manner of actions, suits, debts, and sums of money, dues, claims and demands whatsoever, in law or equity, which I have ever had or now have against said company by reason of any matter, cause or thing whatever, whether the same arose upon contract or upon tort. It being expressly agreed and understood that said company is not bound or obligated by these presents or otherwise (except as to said one day) to retain me in any particular kind of employment nor for any definite time.

"In testimony whereof, I have hereunto set my hand this 8th day of May, 1901. W. S. Quebe."

Quæbe resumed work on the same day and remained in the service for about four months, when he became blind and quit. The consideration of one dollar was also paid to him by the company. In his action he asserts no claim for the injury to his throat and breast but claims that his loss of sight was caused by the blow received upon the head in falling. As to this his contentions are, (1) that the release does not cover that injury; but if it does, (2) that it was executed without consideration; (3) that it was executed under a mistake of fact, and (4) that it was procured by fraud. Besides the questions arising on this release, there were the usual issues as to negligence, contributory negligence, assumption of risk and proximate cause. Another prominent question was whether or not plaintiff's loss of sight was caused by his fall, and upon this the evidence was conflicting and uncertain. The judge who tried the case submitted of all these issues, and, with reference to the release, instructed the jury that it precluded the plaintiff from recovering any damages for the injury to his throat and breast, and further as follows: "The question as to whether the plaintiff and the defendant company intended by the execution of said release to include therein injury to plaintiff's eyes, is a question of fact for your determination under the terms and language of said release, construed in the light of all the evidence and circumstances in the case. If you believe that by the terms of said instrument, construed in the light of all the evidence in this case, it was contemplated or intended by the plaintiff and the defendant company at the time of the execution of said release, to release the defendant company from all injuries and damages that might result to plaintiff from said accident and injury, including injuries to his eyesight, then in such case you will find for the defendant company without further inquiries. On the other hand if you believe from the evidence and the terms of said release, construed in the light of all the evidence in the case, that it was not contemplated by the plaintiff and the defendant nor intended by them at the time of the execution of said instrument to release the defendant company from anything except damages on account of the injury which plaintiff then claimed to have received to his throat and breast, and that it was not intended thereby to release the defendant company from damages on account of other injuries thereby received, on account of injuries to his eyes, such as is claimed in this case, then and in such case said instrument would not conclude the plaintiff and prevent him from a recovery on account of injuries to his sight, provided plaintiff is entitled to recover same under the law as contained in this charge and the evidence admitted before you." A general verdict was returned for defendant.

The leading contention of counsel for plaintiff in error is that the court should not have thus submitted to the jury the question as to the legal effect of the instrument, but should have instructed, as matter of law, that it did not embrace the injuries for which damages are now claimed. This contention raises the question as to the construction of the instrument, simply, and leaves out of view all questions as to want

of consideration, mistake and fraud.   We agree with the Court of Civil Appeals that, construed by its language alone, the release is sufficiently broad to embrace all damages arising from the accident specified in it, the "falling on a peg."   Not only the general language of the concluding clause, but the recital of the object and purpose of the parties plainly lead to this conclusion.   The reliance of the counsel, in this contention, is upon the principle of construction laid down in a' vast number of authorities, that where there is, in a release, a particular recital of the subject matter or consideration about which the parties are dealing, general language following, which purports to release all claims, is construed to have reference to the particular matter recited and is confined to that. This is done in order to prevent surprises by which parties, when releasing one cause of action, may be made to appear to have released another.   Most of the many well-considered cases in which releases were thus construed, without reference to questions of fraud and mistake, involved transactions in which the instruments showed that the releasor, while treating of one cause of action, used general language which the other party sought to apply to another and distinct cause of action.   In this case there was but one cause of action, to discharge which was the very purpose recited in the paper, and language appropriate to such purpose was used.   The language of the release is not restricted to the damage to throat and breast.   The cause of the injury, that which gave rise to the cause of action for all damages resulting, the fall, is also specified, and all cause of action is then released.   Properly applied, the rule of construction restricts the general language to that cause of action and would prevent its application to any other.   It is doubtless true that a person having such a cause of action may make a settlement for the damages of which he is at the time conscious, reserving his right of action for any that may subsequently accrue (Bliss v. New York C. Ry. Co., 160 Mass., 447; Och v. Missouri K. & T. Ry. Co., 130 Mo., 27); but such a settlement would be much out of the ordinary course of dealing and is not expressed by language such as that used by these parties.   No ordinary release relating to only one cause of action should be construed as splitting it up, unless the purpose is expressed in its language.   In the present case the language is inconsistent with such a purpose.   Some countenance is given to the proposed construction of the instrument in question by the language of some opinions.   Union Pac. Ry. Co. v. Artist, 60 Fed. Rep., 365.   We are not inclined to agree with the application of the rule of construction given in that case, but whether correct or not, it can not control here.   The particular recitals in the instrument there construed of the injuries received were much more specific than those of the one before us.   Every instrument must be construed by its own language and the intention expressed in it must control; and the intention here expressed, to release a cause of action rather than to acknowledge receipt of payment for a part of the damage, can not be mistaken.   We repeat that what we have thus far considered is the application of the rule of construction by which the legal mean-

ing of the release is to be ascertained and not the principles governing in cases where such instruments are sought to be set aside or restricted in their operation on grounds of fraud or mistake. In most of the accident cases cited by plaintiff in error in which relief was given against the general language of releases, they were attacked on the ground of mistake or fraud, and the expressions in the opinions must be understood as applying when such is the question, and not when the interpretation or construction of the language alone is under consideration. Lumley v. Railway Co., 76 Fed. Rep., 72; Blair v. Railway Co., 1 S. W. Rep., 352.

The two questions are not always kept distinct in the discussion of such cases as they must be kept here. They must be kept distinct here, because the question of mistake vel non was submitted to the jury in a manner most liberal to plaintiff, and no fraud appears in the case. Any theory of mistake must involve the fact that plaintiff, in the release, did not intend to embrace any such damages as those he now claims, and whether he did or not was a question left with the jury. He asserts that the evidence conclusively shows that he did not so intend, because he had no knowledge that such injuries existed and that such damage would ensue. The answer is, that for him to intend to release all cause of action, for prospective as well as past and present damage, it was not necessary for him to know what the future would bring to pass. It is enough if he made a binding contract by which he took the "chances of future development." Houston & T. C. Ry. Co. v. McCarty, 94 Texas, 298. As to this the release and its recitals contained the evidence of his intention. It is not necessary for us to decide whether or not the court properly put this question to the jury, for, under the view taken of the release, its action was favorable to plaintiff and he can not complain. Upon the subject of fraud there was nothing to submit, had there been a request for a submission of that question. The statement made by the surgeon as to the character of plaintiff's injuries was only his medical opinion, which accorded with all that was known or believed, and was made with no purpose, so far as appears, to procure a release or other advantage. No circumstance of undue influence or overreaching is shown. So far as appears, plaintiff acted freely and voluntarily in making the settlement. The consideration was a valuable and legal one, though small. Considering the fact that the matter settled was regarded by both parties as involving no large amount, it can not be said that the smallness of the consideration, by itself, furnishes ground for disregarding the release. From the written contract and the verdict of the jury it appears that plaintiff chose to accept what was offered and release his cause of action, and no ground for relieving him is made to appear.

*Affirmed.*