## 9954.    MORRIS *v.* SEABOARD AIR-LINE RAILWAY.

Where one injured in a railway collision executes voluntarily, and upon a consideration adequate for the injuries then known, a written release of all claim on account of his injuries, he can not, on subsequent discovery of injuries not known or suspected at the time of the settlement, obtain a cancellation of the release, on the ground of mistake, in the absence of fraud or undue influence, and recover for such injuries,

although the compensation received is wholly inadequate in view of the injuries actually inflicted.

DECIDED APRIL 16, 1919.

Action for damages; from Gwinnett superior court—Judge Cobb.  June 9, 1918.

*D. K. Johnston, Westmoreland, Anderson & Smith,* for plaintiff, cited: Civil Code (1910), §§ 4565, 4579, 4580; 109 *Ga.* 439 ; 135 *Ga.* 11; 93 Atl. 115; 136 Fed. 118; 111 Minn. 193 (20 Ann. Cases, 748) ; 132 App. Div. (N. Y.) 553; 85 Atl. 716; 149 N. W. 933; 87 Ark. 614; 171 S. W. 1187.

*N. L. Hutchins, Erwin, Rucker & Nix,* for defendant, cited: 109 *Ga.* 439; 53 L. R. A. 507; 66 L. R. A. 734.

WADE, C. J.   Morris brought suit against the Seaboard Air-Line Railway on account of certain personal injuries received by him in a "head on" collision, while a passenger on a train.  The answer included a plea of accord and satisfaction, based upon a written release executed by the plaintiff.  The release is in full as follows: "Seaboard Air-Line Railway, Release.  For and in consideration of the sum of five & 00/100 dollars ($5.00) to me paid, the receipt of which is hereby acknowledged, and for no other consideration whatsoever, I, J. Edgar Morris, do hereby release and forever discharge the Seaboard Air-Line Railway, and any and all railroads owned, leased, operated, or controlled by it, and its successors, from all claims and causes of action for or by reason of injuries received by me on or about December 6, 1915, at or near Dacula, Georgia, while a passenger in the employ of the Seaboard Air-Line Railway; the consideration hereinbefore referred to being in full compromise, satisfaction, and discharge of all claims and causes of action arising out of the injuries and in exoneration of the railway from all liability by reason thereof. In witness whereof I hereunto set my hand and seal, this the 7th day of December, A. D. 1915.  J. Edgar Morris (Seal). Signed, sealed, and delivered in the presence of: P. C. Langston." In an amendment to the petition the plaintiff admitted the execution of the release referred to, but sought to avoid its effect, by alleging that the release was executed under a "mistake of fact," and prayed for a cancellation thereof.  The allegations in reference to the "mistake of fact" are: "that at the time he executed same [the release] he belived that the injury which he had received at the hands of defendant in the manner set out in the original

petition was very slight, and could not possibly result seriously to him; that at the time he executed said release there was no apparent injury as a result of the collision aforesaid, except a slight bruise or contusion on his forehead, which at the time (the next day after he had received the injury) gave him practically no pain. He believed that he had only received a bruise which would pass away in a few days, and under this misapprehension or mistake of fact he executed the release referred to, for a consideration of five dollars, which he estimated was enough to cover the actual expenses to which he had been put because of the late arrival of his train in the City of Atlanta, which was his destination, and the necessity of hiring a taxicab and incurring other expenses in connection therewith." The defendant demurred to the petition as amended, on the ground that it showed upon its face the execution of the release relied upon to defeat a recovery, and that no sufficient grounds were alleged to warrant its cancellation. The trial judge sustained the demurrer, and dismissed the petition. This is excepted to and assigned as error.

There being no allegation that the alleged "mistake of fact" was due to the fraud or misrepresentations of the defendant or its agents, the sole question for determination by this court is whether or not the written release executed by the plaintiff should have been cancelled because executed under the belief that his injury was a slight bruise, when he was in fact seriously, painfully, and permanently hurt. The Supreme Court in the case of *Jossey* v. *Georgia Southern & Florida Ry. Co.*, 109 *Ga.* 439 (34 S. E. 664), held, that "One who signs a contract which recites that in consideration of a stated sum paid him by a railroad company he releases it from all liability for a personal injury, which he contends was caused by its negligence, will be estopped from claiming that the release is not binding upon him, because he thought when he signed the contract that it related only to the time he lost in consequence of the injury and did not cover damages caused thereby, when it appears that no fraud of any kind was practiced upon him, and that, having ample opportunity and capacity to read it, he negligently failed to do so." From a careful examination of the books there appears to be no Georgia case directly in point—involving mistake of fact in the execution of a release to a railroad, but there is direct authority from other

reviewing courts on the question here considered. In the case of Houston & Texas Central Railroad Co. v McCarty, 94 Tex. 298 (60 S. W. 429, 53 L. R. A. 507, 86 Am. St. R. 854), it is held that a release in full by one injured by the negligence of a railroad company upon a consideration adequate for the injury then known, cannot be set aside on the ground of mistake, upon the subsequent discovery of internal injuries not known or suspected at the time of the settlement, and a recovery permitted for such injuries, although the compensation received is wholly inadequate in view of the injuries actually received. Again, in Quebe v. Gulf, Colorado & Santa Fé Ry. Co., 98 Tex. 6 (81 S. W. 20, 66 L. R. A. 734, 4 Am. Cas. 545), it is held that knowledge of the injuries which may develop in the future from an accident is not necessary to support an intention to release all liability for the result of such accident, prospective as well as present; that re-employment of an injured employee for one day, and for such further time as may be satisfactory to the employer, is sufficient consideration to support a release of liability for injuries caused by the negligence of the employer, where at the time the release was given the injuries were believed by both parties to be slight and insignificant, although they subsequently prove to have been serious, and to have destroyed the employee's ability to labor. It is our opinion that these rulings are sound. Had the release been attacked for fraud, the question, of course, would have been entirely different. However, the petition under consideration showing on its face that at the time the plaintiff signed the release he knew (there being no allegation of fraud or undue influence on the part of the railway company) that its purport and effect were a settlement in full for all injuries received by him in the collision, there can be no recovery for an injury unknown to the parties at that time and not considered by them. The general rule in cases of this kind, by the great weight of authority, we think is that where a party who has a claim against another for personal injuries agrees upon a settlement of his claim, and accepts a sum of money or other thing of value in settlement of such claim, he is, in the absence of fraud or concealment, concluded by the settlement. See Rideal v. Great West R. Co., 1 Fost. & Fin. 706; Kowalke v. Milwaukee Electric &c. Co., 103 Wis. 472, (79 N. W. 762, 74 Am. St. R. 877); Seeley v. Citizens' Traction Co., 179 Pa. 334 (36 Atl. 229);

Alabama & V. R. Co. *v.* Turnbull, 71 Miss. 1029 (16 So. 346); Homuth *v.* Metropolitan Street R. Co., 129 Mo. 629 (31 S. W. 903). The case first cited (Rideal *v.* Great Western R. Co.) was very much like the case before us, in the respect that at the time of the release the injuries appeared trivial, but they afterwards proved to be serious and permanent.

In the case under review we are unable to see any circumstance to take the release out of the general rule. The release signed by the plaintiff was a binding contract by which he took the chances as to future development of the injuries. No circumstance of undue influence or overreaching is shown. So far as appears from the petition he acted freely and voluntarily in making the settlement. The consideration was a valuable and legal one, though small, and the smallness of the consideration cannot by itself furnish ground for cancellation of the release. Under any other rule than that here announced, no one could ever make a settlement and take a release with the assurance that it would not be attacked and set aside on the statement of the person who executed it that when he signed it he was mistaken as to the extent of his injuries as thereafter developed. From what is hereinbefore said, it is the opinion of this court that the trial judge did not err in sustaining the demurrer and dismissing the suit.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*