Mertice Marie PECORINO, Individually and as Personal Representative of the Estate of Anthony Pecorino, Deceased Appellant,

v.

RAYMARK INDUSTRIES, INC., et al., Appellees.

No. 09–88–029–CV.

Court of Appeals of Texas, Beaumont.

Jan. 26, 1989.

Greg Thompson, Port Arthur, for appellant.

O.J. Weber, Sandra Clark, Beaumont, Elizabeth Thompson, Thomas W. Taylor, Houston, for appellees.

## OPINION ON MOTION FOR REHEARING

BROOKSHIRE, Justice.

The Motion for Rehearing is overruled.

I cordially agree with the opinion of Chief Justice Dies, delivered January 26, 1989.

Furthermore, a release for a claim for personal injuries or damages cannot be voided or set aside on the grounds of mistake simply because the injuries and damages subsequently proved to be more serious than the releasor believed them to be at the time of executing the release. *Houston & T.C.R. Co. v. McCarty*, 94 Tex. 298, 60 S.W. 429 (1901); *Quebe v. Gulf, C & SF Ry. Co.*, 98 Tex. 6, 81 S.W. 20 (1904).

The release, contract or settlement agreement could be drawn so that it would merely release the claim and damages for asbestosis only. In other words, the contracting parties, being the releasor and the releasee could provide that any claim for mesothelioma would not be released nor would mesothelioma be covered by the release, written contract or settlement agreement.

The case of *Houston & T.C.R. Co. v. McCarty, supra,* has been recently cited with approval by the Texas Supreme Court in *City of Austin v. Cotten*, 509 S.W.2d 554 (Tex.1974), the opinion by Chief Justice Greenhill. *Justin Belt Company, Inc. v. Yost*, 502 S.W.2d 681 (Tex.1973) also cites with approval *Houston & T.C.R. Co., supra.*

In fact, the release or contract and agreement of settlement could exclude any or all of the asbestos caused or asbestos related disorders or diseases including cancer of the larynx, cancer of the lung, cancer of the gastrointestinal tract, cancer of the kidney; cancer of the linings around the lung and the gastrointestinal tract (these being known also as mesothelioma of the pleura and of the peritoneum) and asbestosis warts on the skin, all of which apparently may arise from the exposure to asbestos fibers.

If the dissent is adopted by the Texas Supreme Court as the law in our State, then it becomes important to note that any settlements of asbestosis cases would become difficult, if not impractical. Indeed, a settlement of any suit for personal injuries and damages would become hazardous and extremely risky.

We quote in part from one of the last paragraphs from the *"RELEASE IN FULL"*:

"By our signatures below we represent that we understand this Final Release and Indemnity constitutes a final and complete *release of all claims regardless of their kind or character including any possible claim which might be discovered in the future.* We acknowledge that we rely solely upon our own knowledge and information as to the nature, extent and duration of the injuries, damages and our legal rights, as well as the liability of the parties here released, and freely acknowledge that we have not been influenced by any representations made by or in behalf of the Released Parties." (Emphasis added)

There is attached hereto and made a part hereof a copy of the *RELEASE IN FULL* as if the same were recited at this place verbatim. However, due to the length of the Release, it is Ordered that the same not be published again. It is set forth in the original opinion.

BURGESS, Justice, dissenting.

The majority overrules appellant's motion for rehearing, after a concurring opinion to the original opinion was filed by the Chief Justice. I continue to dissent. Both the author of the majority opinion and the Chief Justice rely, at least in part, on the release as a basis for affirming the summary judgment. This *WAS NOT* the basis relied upon by the trial court. In fact, the trial court expressly *DENIED* the motion for summary judgment on that ground. The other members of this court may feel that denial was erroneous, but that denial is not appealable and, thus, not before this court.

As concisely as I can state it, the cause of action arises for asbestosis when the injured party knew or should have known about the injury; the cause of action arises for mesothelioma when the injured party knew or should have known about the injury. These dates may coincide in some in-

stances, but may not in others. It is a fact question. The release is simply not in the case before us. I respectfully dissent to the affirmance of the summary judgment and the overruling of the motion for rehearing.