MICHAEL EFFINGER v. R. W. CATES.

(Case No. 4823.)

1. HOMESTEAD.— An uninclosed lot in a city, separated by a public square from the lot on which the home residence was erected. was used occasionally by the owner as a place on which he staked out his horse and calf, exercising in this no greater exclusive use than he could make of the uninclosed property of others. In November, 1877, this uninclosed lot was levied on under execution against the owner and sold. *Held*, that the use made of the property for homestead purposes was not sufficient to extend the protection of the homestead exemption from sale over it.

Appeal from Burnet. Tried below before the Hon. W. A. Blackburn.

Trespass to try title, brought by appellant against R. W. Cates, to recover possession of lots No. 2 and 3, in block No. 11, of the Kerr portion of the town of Burnet. Appellant in his petition alleged that the lots were part of his homestead. The source of title was a common one. The unlawful entrance and ouster by the appellee was averred to have taken place on the 1st day of August, 1881.

Appellee, answering, pleaded a general and special demurrer, general denial, and a special plea in answer, alleging a purchase of the lots from one W. S. Carothers, who, on the first Tuesday in November, A. D. 1877, is alleged to have become the owner of the same, by reason of a purchase at an execution sale by the sheriff, to satisfy a judgment of $25.10, obtained in a justice court in favor of Brazeale & Co., and against appellant. Appellee denied that the lots or any part thereof were a part of the appellant's homestead. There were two trials in the court below. The first at the November term, A. D. 1881, resulting in a verdict and judgment in favor of appellant, Effinger, which verdict and judgment, on motion of appellee, was set aside, and a new trial awarded. To the ruling of the court granting a new trial appellant excepted; the exception was noted in the record, and by leave of the court an agreed statement of facts proved on the first trial was filed in the record.

At the May term, A. D. 1882, the second trial was had, resulting in a verdict and judgment for appellee. Appellant filed his motion for a new trial, which being overruled, he gave notice of appeal, which was perfected, *in forma pauperis.*

The material facts in evidence are incorporated in the opinion.

*J. N. Lyle* and *Smith & Trigg,* for appellant, cited: Gay v. McGuffin, 9 Tex., 501; Crozier v. Kirker, 4 Tex., 252; Wells v. Barnett, 7 Tex., 584; Hardy v. De Leon, 5 Tex., 211. On test of occupancy, Walters v. People, 21 Ill., 178; Abbott's Law Dictionary, p. 197; Thompson on Homestead (foot pages), 212, sec. 254; p. 216, sec. 260; p. 87, sec. 102 and sec. 105; Medlinka v. Downing (Texas Law Reporter, p. 932); Englebrecht v. Shade, 47 Cal., 627.

*Ward & Hamman,* for appellee, cited: Methery v. Walker, 17 Tex., 593; Franklin v. Coffee, 18 Tex., 413; Anderson v. McKay, 30 Tex., 186; Iken v. Olenick, 42 Tex., 200–3; Moreland v. Barnhart, 44 Tex., 279–80; Evans v. Womack, 48 Tex., 232; Barnes v.

White, 53 Tex., 631; Arto v. Maydole, 54 Tex., 247; Peregoy v. Kottwitz, id., 500; Andrews v. Hagadon, id., 575; Miller v. Menke, 56 Tex., 562–4.

DELANY, J. COM. APP.— The lots in controversy were sold under execution as the property of appellant and were bought by the vendor of appellee. The validity of the judgment and the regularity of the sale are not questioned. But appellant insists that he should recover back the lots because they were (as he says) a part of his homestead.

The plaintiff (appellant) was married in 1872 or 1873. He bought these lots soon afterwards. They were on the west side of the public square in the town of Burnet. They were sold by the sheriff in November, 1877. They were never inclosed or improved in any way whatever. Plaintiff owned and occupied a lot on the east side of the public square. He insists, however, that he used these vacant lots for the purposes of a homestead. The only use, however, which he made of the lots was this: he occasionally staked his horse there when he did not find better grass elsewhere.

It further appears that in 1877 the wife kept a cow. The calf generally remained in a pen in the rear of the house, but it was sometimes taken out and staked on the lots in question. This is the only use which was ever made of these lots, so far as appears in the record. In fact it does not appear that they used these lots any more than they used the other uninclosed land in the vicinity. This casual resort to property now and then cannot be said to be an appropriation of it to the purposes of a home.

The claim is too shadowy and unsubstantial to be regarded by the law. Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted May 20, 1884.]