MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
J. W. SMITH.

No. 1320. Decided May 30, 1904.

</div>

**1.—Release of Damages—Consideration—Re-employment.**

   A release of his claim of damages by an injured employe in consideration of re-employment, where there was no promise to re-employ, was without consideration. (Pp. 51, 52.)

**2.—Same—Indefinite Term—Performance.**

   A promise to re-employ an injured servant "for such time only as may be satisfactory" to his employer is too indefinite to furnish a consideration for his release of a claim for damages, nor will a consideration supporting the contract arise from the actual re-employment and payment of wages following such release. (Pp. 52, 54.)

**3.—Same—Cases Discussed and Distinguished.**

   Gulf C. & S. F. Ry. Co. v. Winton, 7 Texas Civ. App., 57, followed; Carroll v. Missouri K. & T. Ry. Co., 30 Texas Civ. App., 1, disapproved; Heisch v. Adams, 81 Texas, 97, and similar cases distinguished. (Pp. 51-54.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Dallas County.

*T. S. Miller* and *Thomas & Rhea,* for appellant.—Where the language used in a contract is doubtful or indefinite, there are certain general rules which govern the courts in arriving at the proper construction of the same. Among others are the following: (a) Where there is any

doubt as to the construction of the instrument, that construction should be adopted which will, if possible, give effect to the contract. (b) If there is any doubt or ambiguity in the language used, the same should be construed most strongly against the party who prepares the instrument. (c) The practical construction given the contract by the parties themselves, as shown by their acts, is of great aid in determining the proper construction of the contract. (d) The surroundings of the parties at the time of the execution of the contract should be considered in arriving at the true meaning of the language used. These general principles are so well established that it is hardly necessary to cite authorities to support them. However, we call the court's attention to one or two cases decided by this court: House v. Faulkner, 61 Texas, 311; Coffin v. Douglas, 61 Texas, 409; Faulk v. Dashiell, 62 Texas, 646; Galveston H. & S. A. Ry. Co. v. Johnson, 74 Texas, 263, quoting with approval from the Supreme Court of the United States in Chicago v. Sheldon, 9 Wall., 50; Jones & Cary v. Gilchrist, 88 Texas, 88; Houston E. & W. T. Ry. Co. v. Keller, 90 Texas, 214.

The question of consideration, under the facts of this case, is not dependent upon mutual promises of the parties; the consideration, so far as the appellee is concerned, is executed, the surrender of his claim for liability to secure re-employment is an executed consideration. East Line & Red River Ry. Co. v. Scott, 72 Texas, 70; Texas Midland Ry. Co. v. Sullivan, 20 Texas Civ. App., 50, 48 S. W. Rep., 598; Hobbs v. Brush Electric Light Co., 75 Mich., 550, 42 N. W. Rep., 965. The only question, therefore, is whether the promise of re-employment on the part of the appellant is sufficiently definite to give to the appellee any right. Under the general rules of construction this promise should, if possible, be construed so as to give to the appellee some right that could be enforced.

' It is generally held that where a contract provides that the article furnished, or the labor performed, shall be satisfactory to one of the parties to the agreement, that that party is the sole and exclusive judge of that matter, and that, as long as he acts in good faith, his determination is not subject to review by the courts. Daggett v. Johnson, 49 Vt., 345; Hartford Sorghum Mfg. Co. v. Brush, 43 Vt., 528; Baltimore & O. Ry. Co. v. Brydon (Md.), 3 Atl. Rep., 306; Seeley v. Welles, 120 Pa. St., 74, 13 Atl. Rep., 736; Silsby Mfg. Co. v. Town of Chico, 24 Fed. Rep., 893; Singerly v. Thayer, 108 Pa. St., 291, 25 Am. Law Reg., 14, and note beginning on page 18; Frary v. American Rubber Co., 18 Law. Rep. Ann., 644; Church v. Shanklin, 17 Law. Rep. Ann., 207 and note; Dall v. Noble, 5 Law. Rep. Ann., 554; Campbell Printing Press Co. v. Thorp, 1 Law. Rep. Ann., 645.

˙ If it be conceded that the terms of employment contained in the release are too indefinite to confer on appellee any right enforcible in law, yet the same having been executed and acted upon by the parties and the indefinite promise performed by appellant, as shown in the certificate, the actual performance of the promise is in itself a consideration. It is

generally held that where a contract is indefinite, and is executory, it can not be enforced, yet after it becomes executed, it can not be attacked for want of consideration. Storm v. United States, 94 U. S., 76; Holtz v. Schmidt, 59 N. Y., 253; Cooper v. Lansing Wheel Co., 94 Mich., 272, 34 Am. St. Rep., 341, 54 N. W. Rep., 39; Willetts v. Sun Insurance Co., 45 N. Y., 45, 6 Am. Rep., 31; Robson v. Miss. River Logging Co., 61 Fed. Rep., 893; Fountaine v. Baxley, 90 Ga., 416, 17 S. E. Rep., 1015; Wheeler & Wilson Mfg. Co. v. Lyon, 71 Fed. Rep., 374; Hilton v. Southwick, 17 Me., 303, 35 Am. Dec., 253.

*Clark, Mathis & Freeman,* for appellee.—The court did not err in refusing appellant's special charge number 2, nor did it err in its charge to the jury wherein they were instructed that the release offered in evidence by appellant was without consideration, and not to consider it in arriving at their verdict. If appellee returned to work after the injury, that would not constitute a consideration for the release. Appellant got the benefit of appellee's work for the money it paid him; his work was the consideration given by him for the money paid by appellant. The said release, upon its face, shows affirmatively that it was executed without consideration, and none can be implied. The evidence introduced by appellee shows that appellee did not work for appellant after he was hurt; that he was unable to work. Fort Worth & D. C. Ry. Co. v. Wilson, 3 Texas Civ. App., 586; 85 Texas, 519; Gulf C. & S. F. Ry. Co. v. Winton, 26 S. W. Rep., 770; Patt. Ry. Law, p. 508.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Third District, as follows:

"This suit was instituted by the appellee to recover damages alleged to have been sustained on account of the negligence of the Missouri, Kansas & Texas Railway Company of Texas, on or about the 19th day of August, 1902, and resulted in a judgment for appellee in the sum of $1965.

"Among other defenses the appellant alleged as follows:

" '5. This defendant says that at the time of the alleged accident to the said plaintiff, it had in force among its employes a rule and regulation, which was well known to all of its employes, by virtue of which, if an employe was injured, he was not allowed to return to work for this defendant unless he settled his claim for such injury or signed a release to said defendant for such injury.

" 'That after the plaintiff was injured, he, the said plaintiff, in order to return to work and secure employment from this defendant, for and in consideration of re-employment by this defendant, by written release duly executed, he, the said plaintiff, discharged this defendant from all liability on account of said alleged accident, and after the execution of said release he, the said plaintiff, was employed by this defendant and worked for this defendant for —— days, for which he was paid,

and on to wit, the —— day of ———, A. D. 1902, voluntarily left the service of this defendant.

" 'Wherefore, this defendant says that whatever claim that this plaintiff may have had against this defendant has been fully adjusted and settled.'

"By supplemental petition the plaintiff under oath made the following plea:

" '2. Specially replying to that part of said answer which attempts to set up a release by plaintiff of defendant's liability to plaintiff for his said injuries, plaintiff admits that he signed a paper of some kind, that he signed the same under the following circumstances: That in about fifteen or twenty days after he was hurt, thinking that he had sufficiently recovered to return to work, he went back to resume his work, when Mr. Allen, defendant's foreman, told plaintiff that he could not return to work unless he signed a release, and told plaintiff to go and see Mr. Brundet; plaintiff says that he went to see Mr. Brundet, defendant's agent, and told him that Mr. Allen said that he would have to sign a release before he could return to work; that said —— handed plaintiff a paper and told him to sign it, which he did. That he never read the same, nor was it read to him by anyone; that he did not know what it was nor what it contained. Plaintiff states that defendant did not pay him anything for signing same. That if he signed a release discharging defendant of liability to him, the same was and is wholly without consideration; plaintiff further states that he had no knowledge of the fact that defendant had a rule requiring its employes to sign a release discharging defendant from liability before they could return to work after getting hurt until defendant filed its answer herein. Plaintiff further states that he attempted to go to work, but his head hurt him so badly he could not work, and he has not been able to work since he was hurt.'

"There was evidence in the case which would support the finding of the jury that the plaintiff was injured in the sum found by the jury.

"There is a conflict of evidence as to the date when the injury was received, the plaintiff and his witnesses testifying that the accident occurred on the 19th of August, 1902, and the defendant's witnesses, that he was hurt on the night of July 7th.

"Appellant offered in evidence the following release:

" 'The Missouri, Kansas & Texas Railway Company of Texas. Whereas, on or prior to the 8th day of July, 1902, I, the undersigned J. W. Smith (col.), of Dallas, was an employe of the Missouri, Kansas & Texas Railway Company of Texas, and as such employe was engaged as coal heaver.

" 'Whereas, on or about the 8th day of July, 1902, aforesaid, I, the undersigned, received personal injuries whilst in the service of said company at or near Dallas, caused as follows: struck by handle of coal bucket; for which such injuries and damage resulting to me therefrom

I claim to have a demand against the said Missouri, Kansas & Texas Railway Company of Texas; and

" 'Whereas, said claim and demand has been compromised and adjusted by and between myself and said company.

" 'Now, therefore, in consideration of re-employment by said company, for such time only as may be satisfactory to said company, I do hereby acknowledge full settlement, payment and satisfaction of all claims and demands against said company for the injuries and damages aforesaid, and do hereby fully *release and discharge* said *company* from any and all claims of whatever kind or character I may have on account of or arising from said injuries.

" 'Witness my hand, this 14th day of July, 1902.   J. W. Smith.'

"The same conflict in evidence occurs with reference to the date when this release was executed.   The evidence, however, shows that the release was signed after the plaintiff was injured, whether the date of the accident was in July, as claimed by appellant, or in August, as claimed by appellee.

"There is evidence which would have warranted the jury in finding that after the plaintiff was injured he sought re-employment with appellant, and that the agent of appellant told him that he could not work for appellant again unless he signed a release; and that appellee thereupon went to another agent of appellant, and, for the purpose of obtaining re-employment, executed the release above set out, and that he then proceeded to work for appellant for some time, and received wages therefor.

"There is also evidence which tends to show that there was a rule of appellant which prevented employes who had been injured from being re-employed unless a release was executed by them for all damages sustained by them, and that appellee was informed of said rule before he executed said release and obtained said re-employment.

"Among other instructions, the court charged the jury as follows: 'You are instructed that the instrument offered in evidence as a release to defendant of all liability on account of the accident in question was without consideration; and you will therefore not consider the same in arriving at your verdict.'

"Under a similar state of facts, the Court of Civil Appeals for the Fifth District, in the case of Carroll v. Missouri K. & T. Ry. Co., 30 Texas Civ. App., 1, decided that the contract was not without consideration. We entertain some doubt as to the correctness of this decision, and for said reason, and for the further reason that this case will have to be reversed for other errors in the record, we therefore certify the following question:

"Did the court err, under the facts stated, in instructing the jury peremptorily that the release offered in evidence was without consideration?"

The question is answered in the negative.

When the release was executed there was no promise on the part of the defendant to re-employ plaintiff at all, nor any other consideration to support plaintiff's promise, and hence no contract binding on either party arose. So far, the case of Gulf, Colorado & Santa Fe Railway Company v. Winton, 7 Texas Civ. App., 57, decided by the Court of Civil Appeals for the Second District, whose decision was and is approved by this court, is decisive. From the opinion of the Court of Civil Appeals in that case, which was all that was presented in the application of this court for a writ of error, it appears that no other consideration was shown than that recited in the instrument passed upon, viz., employment of the releasor to be given by said company, "for such time and in such capacity as may be satisfactory to said company, and not longer or otherwise." Hence this court can not be said to have passed upon the additional question presented in this case, and in the one referred to in the certificate, decided by the Court of Civil Appeals for the Fifth District, arising out of the fact that employment was given after the execution of the release. We have concluded that such fact, as it appears in the certificate, does not constitute a consideration to support the release. As we have said, there was no promise on the part of the defendant to employ at all, hence there was originally no mutuality of obligation. Had there been an absolute promise to employ, in the terms of the release, "for such time only as may be satisfactory to said company," it would have been too uncertain to be enforcible, because the time of employment would have been wholly optional with the defendant, and therefore would not have afforded a consideration for the release.

The case is not the same as those in which there is a promise to employ and in which no time is fixed and no option reserved. In such cases some authorities would hold that, if the person to be employed has rendered a consideration for such a promise, he acquires the option of fixing the term of employment (East Line & R. R. Ry. Co. v. Scott, 72 Texas, 77, and cases cited); and others that he acquires the right to employment for a reasonable time. Under either view such authorities hold that there would be a valid contract. Both of these views are excluded by the defendant's reservation of the option, which, as we have said, would have destroyed all mutuality in the alleged contract, and left the release without consideration, even had there been a promise on defendant's part to employ according to its terms.

The question then remains, did the actual employment and payment of wages, "for some time," supply the consideration which was originally lacking? It is claimed that it did upon a principle that has been applied in a great number of cases, and which is thus stated by standard writers: "A contract is often such that until something is done under it, the consideration is imperfect, yet a partial performance or complete performance on one side supplies the defect. If for example one promises another, who makes no promise in return, to pay

him money when he shall have done a special thing, if he does it, not only is the contract executed on one side, but also the consideration is perfected and payment can be enforced." Bish. on Contracts, sec, 87. "A contract arises upon executed consideration when one of the two parties has, either in the act which amounts to a proposal or the act which amounts to an acceptance, done all that he is bound to do under the contract, leaving an outstanding liability on one side only." Anson on Contracts, 116; Heisch v. Adams, 81 Texas, 97. This principle is usually applied in cases in which the only original defect in the negotiation was that it was left optional with one of the parties whether or not he would do the thing contemplated by the other as the consideration of his promise, that which was to be done, if the party chose, being, however, sufficiently definite to enable the court to see, after it had been done, that the intended consideration had been rendered. In such cases the original objection of want of mutuality is removed by actual performance. The authorities go further and hold that where a particular definite thing is to be done by the promisee and he enters upon the performance, that fixes the obligations and binds both parties to carry out the contract. Fontaine v. Baxley, 90 Ga., 425. The principle might have application here if the terms of the stipulation had been such that the time of employment could be legally ascertained. In that case, by entering upon performance the defendant would, perhaps, have removed the objection that it was not originally bound to employ at all, and all the terms of the contract would have become fixed. But here there is another difficulty, which still remains, consisting in the fact that the time of employment was left optional with the defendant and the fact of employment did not bind it and therefore could not bind plaintiff to anything. With the parties thus situated, how could it be said that the defendant had performed or commenced the performance of that which was stipulated to be the consideration of plaintiff's promise, when the consideration is not agreed upon? The only answer that can be made is that any employment which defendant might choose to give was the consideration stipulated for, and this was furnished, which throws the question back upon the very uncertainty that affected the transaction originally. If upon employment the parties became bound, to what were they bound? The so-called contract furnishes no answer. Cases analogous to this are those in which a promise is made to obtain forbearance from a creditor to his debtor. The authorities hold that in order to bind either party the forbearance stipulated for must be for a time sufficiently definite to enable the court to ascertain it. They differ as to what constitutes sufficient definiteness, but they hold that a promise made upon consideration of forbearance for a time left entirely optional with the creditor is without consideration, although indulgence may, in fact, be given. In Strong v. Sheffield, 144 N. Y., 394, a husband gave a note and his wife indorsed it, for an antecedent

debt of the husband to the payee, and it was claimed that the consideration for the wife's obligation was indulgence extended to the husband. There was, in fact, forbearance for two years. But the only promise of the creditor was that he would hold the note until he wanted the money. Said the court: "It would have been no violation of the plaintiff's promise if, immediately on receiving the note, he had commenced suit upon it. Such a suit would have been an assertion that he wanted the money and would have fulfilled the condition of forbearance. The debtor and the defendant, when they became parties to the note, may have had the hope or expectation that forbearance would follow, and there was forbearance in fact. But there was no agreement to forbear for a fixed time or for a reasonable time, but an agreement to forbear for such time as the plaintiff should elect. The consideration is to be tested by the agreement, and not by what was done under it." This reasoning applies here. Defendant upon employing plaintiff could, under the right expressly reserved, have discharged him at once without violating any agreement. Employment for the time plaintiff remained in defendant's service might have been a sufficient consideration for his release, as forbearance for the two years in the New York case would certainly have been for the wife's promise, had the contract so stipulated. But "nothing is a consideration that is not regarded as such by both parties. To constitute a valid agreement there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one." Fire Ins. Assn. v. Wickham, 141 U. S., 579, and authorities cited.

It is laid down in many authorities that original uncertainty in a contract may be cured by action of the parties under it, as where they have acted upon and executed it according to their understanding and intentions. Alabama G. S. R. R. Co. v. South. & N. A. R. R. Co., 84 Ala., 570. It is perhaps possible that such a state of facts might arise from action upon such an agreement as that in question as to call for the application of this principle. Nothing of the kind appears from the certificate, which states only the fact that plaintiff was employed and received wages for some time after the execution of the release. It is suggested that the release should be construed to mean that the employment was to be for so long a time as plaintiff's services were "satisfactory" to defendant, and that, thus understood, the stipulation is good. Whether or not such a construction would make it good need not be determined, for it is plain that the language has the meaning which we have attributed to it.