**LONE STAR GAS CO. v. McCULLOUGH et ux. (No. 9170.)**

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 17, 1920. Rehearing Denied March 27, 1920.)

**1. Mines and minerals ⊙═75—Proof that oil and gas lessor returned check marked "refused" held to show tender.**

Proof that a landowner who had executed an oil and gas lease finally returned a check for rent which was to extend the period of the lease marked "refused" will establish a tender.

**2. Evidence ⊙═242(1)—Statements made out of principal's hearing not binding.**

Where written oil and gas lease contained no stipulation that the lessor would drill a well in six months, and purported to contain all of the agreements between the parties, going into detail with great particularity, a statement made by a local landowner, who was assisting the lessee in procuring leases, out of hearing of the lessee or his agent, that a well would be drilled in six months is not binding on the lessee.

**3. Mines and minerals ⊙═75—Provision for extension of oil and gas lease on payment of small rents valid.**

Where a lease was in wild-cat territory, a provision for extension of the lease for a term of five years on payment of small rents is valid and enforceable, even though the lessee had made no attempt to drill, the rule that in proven territory the lessee cannot by paying rentals unduly delay development of the property, but that such matter is in the nature of a privilege enabling the lessee to save forfeiture, not being applicable to wild-cat territory.

**4. Mines and minerals ⊙═58—Oil lease not invalid because only one dollar was paid down.**

An oil and gas lease is not subject to attack as invalid for want of consideration because only $1 was paid at the time it was procured.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by James F. McCullough and wife against the Lone Star Gas Company. From a judgment against plaintiffs, defendant appeals. Reversed and remanded.

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ike A. Wynn, of Ft. Worth, for appellant. Phillips & Trammell, of Ft. Worth, and J. H. McMillan, of Comanche, for appellees.

BUCK, J. This suit was brought by James F. McCullough and wife, Effie McCullough, to cancel a certain oil and gas lease executed by them to W. H. Roeser, the assignor, on November 23, 1917, and for damages. Appellant answered by general demurrer, special exceptions, general denial, and a plea of innocent purchaser. From a judgment for plaintiff canceling the lease, defendant has appealed.

W. H. Roeser, wishing to secure some oil and gas leases in Comanche county, sent his agent, C. W. Fulton, to Comanche county for that purpose. Mr. Fulton went to the town of Sydney, Comanche county, and employed R. C. Morris, one of the local landowners, to assist him in securing leases. Only McCullough and Morris testified for plaintiff, and theirs is the only testimony with reference to the leases. The first four assignments urge error in the judgment rendered because: First, that the judgment amounted to a holding to the effect that W. H. Roeser, through his agent Fulton, represented to plaintiffs that if they would lease their land in controversy to him he would within six months drill, or caused to be drilled, on plaintiffs' land, or some land in the vicinity of plaintiffs' land, a deep well for oil and gas, if any, thereon and therefrom; second, that W. H. Roeser, at the time of such alleged false representations and statements, had no intention to drill or otherwise operate on said land in the vicinity thereof; third, that W. H. Roeser, through his agent, Fulton, falsely represented himself to plaintiffs as being engaged in opening new oil fields and in operating and drilling for oil, while as a matter of fact he was not engaged in developing new oil fields, and was not engaged in drilling or in any way operating for oil or gas at the time such representations were made, but was a speculator in such propositions, and leased plaintiffs' land only for the purpose of speculation, and not for the purpose or with the intention of drilling thereon for oil; fourth, that the defendant accepted the transfer of the lease in controversy with full knowledge and notice of the said statements and representations made by the agent of W. H. Roeser, and with full knowledge and notice of their falsity.

The lease provides:

"That the lessor in consideration of one dollar ($1.00) in hand paid by the lessee, and for other valuable consideration, receipt of which is hereby acknowledged, and the covenants and agreements herein contained, hereby grants, bargains and sells all the oil and gas in and under the land hereinafter described, and grants, demises and leases and lets said land, itself, unto the lessee, his heirs, administrators and assigns for the sole and only purpose of operating for and producing oil and gas, thereon and therefrom, together with rights of way and servitudes for pipe lines," etc.

Said lease further provides:

"If no well is commenced on said land on or before the 23d day of May, 1918, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender the lessor the sum of $10.00 in the manner hereinafter provided, which payment or tender, shall operate as a rental for six months from and after the date last above stated, and the same shall also cover the right and privilege in the lessee to defer the commencing of said well during said period of months. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively during the entire five-year term of this lease. Lessor expressly declares that the down payment or bonus received by him for this lease at the time of the execution hereof is a good, valid and substantial consideration and sufficient in all respects to support each and every covenant contained herein, including specifically the option granted the lessee to extend this lease from time to time during the five-year term thereof upon the payment or tender of the rentals hereinbefore provided for."

[1] The evidence of the tender of the rentals for the second six months is without controversy. James F. Garth, witness for defendant, testified that in April, 1918, he sent a check for $10, as provided for in the lease, to the Comanche National Bank to be credited to Mr. James F. McCullough, that the check was afterwards returned to him, and then he sent it to Mr. McCullough, and it was returned and marked "refused." Hence the proof of a tender of the rent for the second six-month period is established.

[2] There is no evidence in the record that Roeser, or his agent, Fulton, made any statements to the plaintiffs that he would drill a well on the land in controversy or on some land near to it. The only evidence to that effect is that Morris told McCullough that Roeser would drill a well within six months. Morris says that at the time he told McCullough Fulton was not present. Morris testified:

"When I saw McCullough about getting this lease Mr. Fulton was there in Sydney with me. I called Mr. McCullough off when I talked to him about getting the lease. Mr. McCullough agreed with me to give us the lease. Mr. Fulton was not present when he agreed to that." G., H. & S. A. Ry. Co. v. Wilson, 214 S. W. 773; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039.

[3] Appellee cites the cases of Ownes v. Corsicana Petroleum Co., 169 S. W. 192, writ granted; Monarch Oil & Gas Co. v. Richardson, 124 Ky. 602, 99 S. W. 668; Dinsmor v. Combs, 177 Ky. 740, 198 S. W. 58; Warren O. & G. Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Ohio Valley O. & G. Co. v. Irvin Development Co., 184 Ky. 517, 212 S. W. 110; Consumers' Gas Trust Co. v. Littler, 162 Ind. 320, 70 N. E. 363, to establish authority for the statement that a lessee cannot by paying rentals unduly delay development of the property, but such provision is in the nature of a privilege enabling lessee to save a forfeiture where delayed because of some equitable reason. In the first place, it does not appear that Comanche county in 1917, the date of this instrument, was a paying or producing oil and gas field. It is stated in the record that at the time the nearest oil or gas well was in Brown county, or at Ranger, from 20 to 30 miles away. Moreover, the four Kentucky cases represent the judicial trend of authority as to proven territory, in the view of the Kentucky courts, and not as to wild-cat territory, such as here shown. The evidence in this shows that the wells at Brownwood, 22 miles away were the closest, and those at Ranger the next. Morris says:

"There was not a well in Comanche county at that time I knew anything about."

In Pierce Fordyce Oil Ass'n v. Woodrum, 188 S. W. 245, 249, the nature of the docket entry of the Supreme Court in granting the writ of error is noted. Supporting our conclusion there is the case of Pittsburg Brick Co. v. Bailey, 76 Kan. 42, 90 Pac. 803, 12 L. R. A. (N. S.) 745. The record is silent as to any change in the condition of Comanche county as to being a producing field at the time of the trial.

[4] But it is set up in appellees' brief that the contract is without consideration, because only $1 was paid at the time the lease was delivered. Quebe v. G., C. & S. F. Ry. Co., 98 Tex. 6, 81 S. W. 20, 66 L. R. A. 734, 4 Ann. Cas. 545; M., K. & T. Ry. Co. v. Smith, 98 Tex. 47, 81 S. W. 22, 66 L. R. A. 741, 107 Am. St. Rep. 607, 4 Ann. Cas. 644; Gregory v. Pecos & N. T. Ry. Co., 155 S. W. 648; Freeman v. Morrow, 156 S. W. 284, writ refused; Lawrence v. McCalmont, 2 How. 426, 11 L. Ed. 326; 2 Pomeroy on Equity, § 926; 1 Block on Cancellation, § 169.

For the reasons given, we conclude that assignment one must be sustained, and that the judgment should be reversed for lack of evidence to sustain it.

The judgment is reversed, and the cause remanded.