**JOHNSON v. RUSSELL et ux. (No. 9224.)**

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1920. Rehearing Denied March 27, 1920.)

1. **Acknowledgment ⬗⟝5, 6(3)—Not necessary to valid lease except of homestead.**

A joint lease or other conveyance by husband and wife is valid without acknowledgment, or if the wife's acknowledgment is defective, unless the property conveyed was the homestead.

2. **Homestead ⬗⟝57½, 70—Evidence held not to show land separated from dwelling was homestead.**

Though a piece of land separated from the tract on which the dwelling is situated may be so used as to make it a part of the homestead, testimony merely that land so situated was considered by owner as part of his homestead is not sufficient to establish that fact so as to justify a peremptory instruction.

3. **Mines and minerals ⬗⟝59—Proved misrepresentations to procure oil lease held to vary from allegations.**

Where the petition alleged that defendant misrepresented that he was going to drill a well

on a block of land of which plaintiffs' property would form part, misrepresentations, established by the evidence, that lessee would assign to another who intended to and thereafter did drill a well, did not conform to the pleadings, and plaintiff is not entitled to judgment thereon.

4. **Mines and minerals ⬗⟝58—$1 sufficient consideration for oil lease.**

A judgment canceling an oil lease for want of consideration cannot be sustained where it was undisputed that the lease was given in lieu of a former lease for which $1 was paid.

5. **Appeal and error ⬗⟝150(2)—Requirement to pay costs gives right to appeal.**

Where the judgment canceling an oil lease required the lessee to pay costs, he could appeal therefrom, though he had parted with his interest in the lease.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by W. E. Russell and wife against B. J. Johnson and others. From a judgment for plaintiffs, the named defendant appeals. Reversed and remanded.

J. A. Johnson and R. L. Thompson, both of Stephenville, for appellant.

Chandler & Pannill, of Stephenville, for appellees.

BUCK, J. W. E. Russell and wife filed suit in the district court of Erath county against B. J. Johnson, B. S. Millner, and A. M. Burden to cancel a certain oil and gas lease executed by Russell and wife to B. J. Johnson July 26, 1918. Plaintiffs alleged that at the time said lease was given the defendant Johnson represented to the plaintiff W. E. Russell that he was going to drill a well on a block of leased land, of which plaintiffs' property would be a part if he should lease it within 90 days, and would begin the actual drilling of a well for oil and gas within three miles of plaintiffs' land; that Johnson represented that he was not a speculator in oil and gas leases for commercial purposes, but took the same with the intent of drilling for oil and gas; that only $1 was paid plaintiffs for the execution of this lease, which nominal payment did not constitute the true consideration, but that the true consideration was the promise on Johnson's part to drill the well, etc. Plaintiffs further alleged that the premises described in said lease constituted the homestead of plaintiffs, and that the notary taking the acknowledgment of both plaintiffs was the nephew of W. E. Russell, and hence the lease was void. Other allegations were made, but the above statement will suffice for the present.

B. S. Millner was discharged with his costs, and a judgment was rendered for plaintiffs under a peremptory instruction. Johnson alone appeals. Appellees urge that the judgment cannot be disturbed for the following reasons.

---

⬗⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to wit: (1) That it appears that the lease was dated July 16, 1918, and executed July 26, 1918, and that the lease provides that, "if no well be commenced on said land on or before the 16th of July, 1918, this lease shall terminate as to both parties," etc.; (2) that the evidence shows that the premises were the homestead of plaintiffs, and that the acknowledgment of plaintiffs were taken by W. P. Russell, a nephew of Dr. Russell.

Plaintiffs attached a copy of the lease to their petition, in which the date when the lease should expire unless rental should be paid for another year was given as July 16, 1919. No pretense was made in the testimony to show that the last-named date was not the true date, while the statement of facts does show that the lease would expire July 16, 1918, in the event no rental was paid. In fact, no reference is made as to the date. Hence it is evidence that the date given in the statement of facts is a mistake in copying the lease, and we will so hold.

[1, 2] If the premises covered by the lease were not a homestead, the deed, without an acknowledgment, would convey title to the premises. The acknowledgment is only necessary for registration and notice. McLane v. Canales, 25 S. W. 29. Dr. Russell testified incidentally that the land conveyed was his homestead, but from the evidence it is patent that in so stating he was merely stating his conclusion. He testified upon this point as follows:

"All the property that is owned by myself and wife is this farm and the home on which we live in Duffau—my house and lot. I have lived at Duffau 22 years. Duffau is not an incorporated town or village. There are 2 acres of land, more or less, in the lot on which I live and 150 acres in this other tract. The two pieces of property are approximately one-half of a mile apart. * * * A part of it [my contention] is because the land is a part of my homestead."

These two bits of evidence seem to be all of the evidence on the question as to the leased premises being a part of the homestead. It is true that a piece of land separated from the tract of land on which the dwelling is situated may be so used as to make it a part of the homestead, but the evidence in this case does not establish that fact so as to justify a peremptory instruction. Effinger v. Cates, 61 Tex. 590; Andrews v. Hagadon, 54 Tex. 571; Peregoy v. Kottwitz, 54 Tex. 497; Mikael v. Equitable Securities Co., 32 Tex. Civ. App. 182, 74 S. W. 67; Brooks v. Chatham, 57 Tex. 31.

Appellees in their brief set out the four grounds alleged in their petition for cancellation of the lease, and they are as follows: (1) The same was procured by fraud; (2) that the same was without consideration; (3)

that the consideration, if any there was, for the execution of the lease, had wholly failed; (4) that the lease was void because the acknowledgment of appellee Mollie Russell was taken by a notary public related to her within the third degree. We have discussed the fourth ground alleged and relied on, and in view of what we have heretofore said as to the condition of evidence relating to the question of whether or not the premises in controversy constituted a homestead, we must hold that the judgment upon a peremptory instruction cannot be sustained, by reason of the fact that Mrs. Russell acknowledged the instrument before a notary who was related to her within the third degree by affinity. A conveyance by husband and wife to land to which the wife has no separate title, and which is not a homestead, is not void or voidable by reason of the fact that the wife has not acknowledged said instrument, or, if she has acknowledged it, that her acknowledgment is defective. Jacks v. Dillon, 6 Tex. Civ. App. 192, 25 S. W. 645, writ denied.

Considering the first, second, and third grounds together, the evidence shows that $1 was paid at the time the first lease was executed. This lease was made in the spring of 1918. In July, 1918, and about the 26th day of the month, Johnson returned to Duffau and asked Dr. Russell if he would not give him a second lease in lieu of the first, stating to him that a Mr. Eddy and his associates were having blocked up certain leases, and that they would be drilling within 90 days or by the 1st of October. Dr. Russell stated that Mr. Johnson told him that he wanted to turn this tract of land to Mr. Eddy in the drilling contract, with the block that Mr. Eddy had; that he showed to Dr. Russell a letter from Mr. Eddy addressed to Barry and Johnson which stated that he (Mr. Eddy) would like to get a lease on Dr. Russell's property which contained more favorable terms than was contained in the first lease; that Mr. Eddy would not accept an assignment of the first lease because it contained a provision that the lessee had to drill on this land within a year, and he wanted a five-year contract. Dr. Russell stated:

That he asked Mr. Johnson if he would promise to turn this lease over to Mr. Eddy, and Johnson replied, "You need not be uneasy; this land will be turned to Mr. Eddy for drilling;" that later on, after he did not turn it over to Mr. Eddy, he went down to Hico to see him, about the middle of September. "I got suspicious and went down and asked Mr. Johnson where my lease was, and he says, 'You need not be uneasy about your lease.' I said, 'You promised to turn it to Mr. Eddy.' He said, 'Yes.' I said, 'Why haven't you done it?' He says, 'I am going to give you another well; I have got the stuff down there; tools and timbers are down there; it will be right close to you, and this will put you between two wells.'"

He further testified: ·

"The second day, or a few days after that, he was down there and asked me if I would let him have my abstract, and I told him, 'Thunder, no,' and I told him I was going to bring suit at once; told him it wasn't to be bartered and sold that way; that I was in a drilling contract; and it wasn't supposed to be handled for merchandise. Then I would like to state that a few days after that I told him the suit was filed. He laughed, and explained afterwards that he thought it was a joke, but he found out the suit was filed. He said he wanted the abstract to get up so he could sell it right quick. If he had the abstract, he said, he could turn it right now. I filed suit as soon after that as I could get the man to see after the papers for me, and I told him that the suit was filed; that I was suing for the contract."

[3, 4] There was no pleading to the effect that Johnson had made these alleged fraudulent statements, that they were false, and that he knew they were false when he made them. Hence, even though the testimony does show that Johnson, in order to secure the second lease, promised that it would be given or assigned to Eddy, and even though Dr. Russell would not have executed said second lease had he not so believed, the judgment, rendered cannot be sustained on this ground. Moore v. Cross, 87 Tex. 557, 29 S. W. 1051. Neither can we sustain the judgment on the grounds that no consideration was paid. Dr. Russell testified that $1 was paid for the first lease, and that the second lease was given in lieu of the first. Lone Star Gas Co. v. McCullough et ux. (No. 9170) 220 S. W. 1114, by this court, not yet [officially] published; Quebe v. G., C. & S. F. Ry. Co., 98 Tex. 6, 81 S. W. 20, 66 L. R. A. 734, 4 Ann. Cas. 545; M., K. & T. Ry. Co. v. Smith, 98 Tex. 47, 81 S. W. 22, 66 L. R. A. 741, 107 Am. St. Rep. 607, 4 Ann. Cas. 644.

The evidence of Dr. Russell showed that Eddy and his associates had drilled within three miles of plaintiffs' land prior to the 26th day of October, 1918. But it is not shown that defendants had anything to do with the drilling of that well.

However, we conclude that appellant's third assignment, directed to the peremptory instruction, must be sustained, and the judgment reversed, and the cause remanded, and it is so ordered.

[5] Appellees urge that appellant was shown in the evidence to have no interest in the land, that A. M. Burden was the owner at the time of trial, and therefore Johnson could not appeal the case. At least he would have the interest of the costs adjudged against him, and that would entitle him to appeal.

Reversed and remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes